# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>William Wylie Simpson, Jr.,<br><br>Debtor(s). | C/A No. 17-05232-HB<br><br>Chapter 13<br><br>**ORDER OVERRULING OBJECTION TO CONFIRMATION** |

**THIS MATTER** came before the Court for consideration of Founders Federal Credit Union's Objection to Confirmation of Debtor William Wylie Simpson, Jr.'s proposed Chapter 13 plan.[1] The Court enters the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a)(1).[2]

## FINDINGS OF FACT

On May 31, 2012, Simpson's mother, Elizabeth W. Simpson ("Mother"), executed a note and mortgage in favor of Founders. The principal amount of the note is $47,000.00, with yearly interest of 3.25%. The note requires monthly payments of $330.25 beginning on July 4, 2012. The mortgage was recorded on June 11, 2012 with the York County Clerk of Court and is secured by property located at 552 East Robertson Road, Rock Hill, South Carolina, 29730 (the "Property"). The note amortizes the debt through fixed installment payments that extend to 2027 and the mortgage includes a "due on sale" clause.[3] Mother

---

[1] ECF No 9, filed Nov. 16, 2017. Response ECF No. 10, Nov. 24, 2017.
[2] Made applicable to these contested matters pursuant to Fed. R. Bankr. P. 7052 and 9014.
[3] The "due on sale" clause provides:
   **18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.
       If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

is the obligor on the note and mortgage and she was the sole owner of the Property at the time the loan documents were executed.

Simpson and Mother resided together at the Property until she passed away on July 13, 2016. Mother left the Property to Simpson in her will. At the time of Mother's death, the payments on the note were current and Simpson continued to ensure payments were made to Founders thereafter. Founders sent three letters to Simpson notifying him that he must complete the loan application process in order to transfer Mother's loan to his name and if not timely completed, Founders would stop accepting payments. A deed of distribution was recorded on July 25, 2017, conveying the Property to Simpson, but he failed to assume any of the loan obligations. In September 2017, Founders refused to accept further payments from Simpson, accelerated the note, and initiated a foreclosure action in state court. Founders' representative testified that the acceleration was not due to Mother's death, but rather due to the transfer of the Property to Simpson through her estate.

Simpson filed a petition for Chapter 13 relief on October 20, 2017. There is no dispute that the Property is an asset of his bankruptcy estate and Simpson continues to live there. Simpson's plan provides for curing the default of pre-petition payments and maintaining post-petition note payments to Founders pursuant to 11 U.S.C. § 1322(b)(5). The applicable plan provisions are:[4]

> General Provisions: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of

---

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

[4] The relevant Chapter 13 form plan changed after this plan was filed.

2

> secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i) . . .
> . . . .
> Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):
> a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditors allowed claim or as otherwise ordered by the Court to **Founders Federal Credit Union** at the rate of **$34.00** or more per month, for **552 East Robertson Road,** along with **0%** interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b.) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.
>
> b. Maintenance of regular non-arrearage payments. Beginning **December 2017,** the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

(emphasis in original).

Founders asserts it is owed $33,932.63, as of October 27, 2017, which includes principal, accrued interest, and late fees, plus approximately $2,350.28 in attorney's fees and costs.[5] There are no other liens on the Property. Simpson's scheduled value of the Property is $125,000.00, and the 2017 tax assessment valued the Property at $110,500.00. There is no dispute that there is significant equity in the Property to adequately protect Founders' interest.

Currently, Simpson's only income is contributions from family members while he is waiting for a response on his disability claim. At the hearing, Founders voiced concerns over the feasibility of the plan as a result of Simpson's lack of regular income. However,

---

[5] Simpson disputes portions of this claim incurred as a result of Founders' failure to accept regular payments and acceleration of the debt. The plan also provides: "Debtor has a possible claim against Founders Federal Credit Union related to this debt and the security interest. Rights in that claim are not being modified by the treatment of Founders in this plan."

3

that issue was not raised in Founders' filed Objection. At the hearing, the Chapter 13 Trustee did not raise any concerns regarding the feasibility of Simpson's plan and, although she could not recommend confirmation until after the claims bar date, she did not foresee any issues with Simpson's confirmation.

### DISCUSSION AND CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L) and this Court may enter a final order.

Pursuant to § 1322(b)(2), a Chapter 13 plan may modify the rights of creditors who hold a claim against the estate. A Chapter 13 plan may "provide for the curing or waiving of any default," and "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due[.]" 11 U.S.C. § 1322(b)(3) & (5). Section § 1322(c) provides:

> (1) a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law; and
>
> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

Simpson owns the Property; therefore, it is an asset of the bankruptcy estate. The Property is Simpson's principal residence; Founders has a lien on the Property; no foreclosure sale has been conducted; and the last payment on the original payment schedule for Founder's claim is not due before the date on which the final payment under the plan

4

is due. On these facts, the Code allows Simpson to cure the default of pre-petition payments and maintain the original post-petition payment schedule for the note while this case is pending. *In re Trapp*, 260 B.R. 267, 271-72 (Bankr. D.S.C. 2001). Founders asserts *Trapp* is distinguishable because this debt was accelerated as a result of a due on sale clause, but failed to present any authority to support its argument that Simpson cannot cure and maintain through the plan under § 1322(b)(5) merely because it elected to accelerate the note pre-petition pursuant to this clause.

Founders also expresses concern over the status of its interest in the Property and repayment of any remaining amounts after completion of the plan. However, a close examination of the plan language reveals that status: consistent with § 1325(a)(5), Simpson's plan provides that "[h]olders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i)."[6] Section 1325 provides, in relevant part, that the Court shall confirm a plan if:

> with respect to each allowed secured claim provided for by the plan . . .
>> (i) the plan provides that—
>>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law[.]

11 U.S.C. § 1325(a)(5)(B)(i)(aa).

The plan simply allows Simpson to cure and maintain payments during the plan – it does not propose alteration of Founders' right to payment of the underlying debt thereafter as determined under nonbankruptcy law and specifically provides that Founders

---

[6] The general form plan language here providing that "[t]he terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply . . ." is irrelevant to Founders because Simpson does not have any pre-petition agreement with Founders. However, that language may be relevant to claims of other creditors addressed in the plan.

retains its lien to secure payment.  Simpson has, therefore, shown that Founders' plan treatment complies with the requirements of the Code and Founders' Objection must be overruled.

Although the issues raised in Founders' Objection regarding its plan treatment are determined by this Order, the Chapter 13 Trustee reported that she cannot yet recommend confirmation and the confirmation hearing has been continued.  Should the Chapter 13 Trustee have concerns about plan feasibility, she may raise those concerns at the appropriate time.

**IT IS, THEREFORE, ORDERED** that Founders Federal Credit Union's Objection to Confirmation is overruled.  The hearing to further consider confirmation of Simpson's plan was previously continued to March 8, 2018.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/24/2018**



US Bankruptcy Judge
District of South Carolina

Entered: 01/24/2018